# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
No. 12-254V
Filed: September 7, 2018
Not for Publication

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| MARK MILES, Legal Representative of a Minor Child, J.M., | \* \* \* \* |
| Petitioner, | \* \* |
| v. | \* \* |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | \* \* \* |
| Respondent. | \* \* |

Interim attorneys' fees and costs
decision; respondent defers to
Special Master's discretion

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

John F. McHugh, New York, NY, for petitioner.
Darryl R. Wishard, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

On August 21, 2018, petitioner filed an Application for Interim Fees and Expenses, requesting $152,793.63 in interim attorneys' fees incurred by Mr. John F. McHugh, $23,916.50 in interim attorneys' fees incurred by Ms. Helen Sturm, $7,429.55 in attorneys' interim costs, $4,092.57 in petitioner's personal costs, and a $29,775.00 unpaid balance of expert's fees and costs incurred by Dr. Joseph A. Bellanti.

On August 22, 2018, respondent filed his response.

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims's website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy.   When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure.   If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

For the reasons set forth below, the undersigned awards petitioner $134,334.53 in interim attorneys' fees incurred by Mr. McHugh, $21,154.00 in interim attorneys' fees incurred by Ms. Sturm, $7,429.55 in attorneys' interim costs, $26,130.00 in expert's fees and costs incurred by Dr. Bellanti, and $4,092.57 in petitioner's personal costs.

## PROCEDURAL HISTORY

On April 18, 2012, petitioner Mark Miles filed a petition on behalf of his son, J.M., under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10–34 (2012) ("Vaccine Act"). Petitioner alleged that the influenza ("flu") vaccine his son received on October 1, 2009 triggered a sudden relapse of his nephrotic syndrome.   Pet. Preamble and ¶ 2.

On August 30, 2017, petitioner filed an application for attorney's [sic] interim costs.   On October 4, 2017, the undersigned issued a decision awarding petitioner $58,144.84 for attorneys' interim costs and $21,216.65 for petitioner's personal costs.

On October 17 and 18, 2017, the undersigned held an entitlement hearing.

On June 28, 2018, the undersigned dismissed the petition.

On July 30, 2018, petitioner filed a motion for review.   The case was assigned to Senior Judge Loren A. Smith.

On August 21, 2018, petitioner filed an Application for Interim Fees and Expenses.

Respondent filed his response to petitioner's motion on August 22, 2018.   Respondent did not raise any specific objections to petitioner's fee application in his response to petitioner's Application for Interim Fees and Expenses.   Instead, respondent said he "defers to the [undersigned] to determine whether the statutory requirements for an award of attorneys' fees and costs (including the reasonable basis requirement) are met in this case."   Resp. at 2.

## DISCUSSION

I.      **Entitlement to Fees and Costs Under the Vaccine Act**

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." 42 U.S.C. § 300aa-15(e)(1).   The Federal Circuit ruled that interim fee awards are permissible under the Vaccine Act in Avera v. Secretary of Health and Human Services, 515 F.3d 1343, 1352 (Fed. Cir. 2008).   The special master has "wide discretion in determining the reasonableness" of attorneys' fees and costs.   Perreira v. Sec'y of HHS, 27 Fed. Cl. 29, 34 (1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994); see also Saxton ex rel. Saxton v. Sec'y of HHS, 3 F.3d 1517, 1519 (Fed. Cir. 1993) ("Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications.").

2

II.        **Reasonableness of Interim Attorneys' Fees**

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Avera, 515 F.3d 1343, 1348.   This rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." Rodriguez v. Sec'y of HHS, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing Avera, 515 F. 3d at 1349).   For cases in which forum rates apply, McCulloch provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. See McCulloch v.Sec'y of HHS, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Once the applicable hourly rate is determined, it is applied to the "number of hours reasonably expended on the litigation." Avera, 515 F.3d at 1348.   Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of HHS, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)).   Counsel must submit fee requests that include contemporaneous and specific billing entries indicating the task performed, the number of hours expended on the task, and who performed the task. See Savin v. Sec'y of HHS, 85 Fed. Cl. 313, 316–18 (Fed. Cl. 2008).   It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id.   A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. Broekelschen v. Sec'y of HHS, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011).

1.  **Reasonable Hourly Rates**

Petitioner requests the following hourly rates:

|                | 2013  | 2014  | 2015  | 2016  | 2017  | 2018  |
|----------------|-------|-------|-------|-------|-------|-------|
| John F. McHugh | N/A   | $420  | $425  | $430  | $435  | $440  |
| Helen Sturm    | $415  | $420  | N/A   | N/A   | N/A   | N/A   |
| Paralegal      | N/A   | N/A   | N/A   | N/A   | $125  | N/A   |

While Mr. McHugh and Ms. Sturm are located in New York City, they are entitled to forum rates. Rodriguez v. Sec'y of HHS, 91 Fed. Cl. 453, 479 (2010), aff'd, 632 F.3d 1381 (Fed. Cir. 2011) (affirming the Special Master's decision of rejecting Mr. McHugh's requested New York City hourly rate in favor of the Washington D.C. "forum rate."). The undersigned finds petitioner's requested hourly rates for Mr. McHugh and Ms. Sturm excessive.

The following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large. McCulloch v. Sec'y of HHS, No. 09-293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).   McCulloch suggests the range of $350.00 to $425.00 an hour for attorneys with more than 20 years of experience is a reasonable forum rate. Id. at *19.   Applying that standard, McCulloch awarded

hourly rates for two of the most experienced attorneys who practice in the Vaccine Program, of $415/hour and $400/hour, respectively, for work performed in 2014 and 2015.   Mr. McHugh has a level of experience that is similar to the two lawyers in McCulloch.

In Mostovoy, Chief Special Master Dorsey determined Mr. McHugh was entitled to hourly rates of $330.00 in 2009, $340.00 in 2011, $345.00 in 2012, $350.00 in 2013, and $400.00 in 2014.   Mostovoy v. Sec'y of HHS, No. 02-10V, 2016 WL 720969, at *4 (Fed. Cl. Spec. Mstr. Feb. 4, 2016).    In Hirmiz, a former Special Master reviewed the hourly rates awarded for Mr. McHugh's work in Mostovoy and determined that Mr. McHugh was entitled to hourly rates of $400.00 in 2015 and $415.00 in 2016 because "there is no evidence . . . suggesting that Mr. McHugh's level of experience and competence is somehow significantly greater than what has been previously recognized in Mostovoy."   Hirmiz v. Sec'y of HHS, No. 06-371V, 2017 WL 4277433, at *5 (Fed. Cl. Spec. Mstr. Aug. 29, 2017).

The undersigned finds that the analysis of Mr. McHugh's hourly rates in Hirmiz is persuasive.   Therefore, in consideration of Mr. McHugh's skill, experience, reputation, and quality of work, the undersigned finds that the appropriate hourly rate for Mr. McHugh's work performed in 2014 and 2015 is $400.00, in 2016 is $415.00, in 2017 is $430.00, and in 2018 is $435.00.   Based on the same standard, the undersigned finds that the appropriate hourly rate for Ms. Sturm's work performed in 2013 is $350.00 and in 2014 is $385.00.[2]   As Mr. McHugh billed 19.50 hours of time for work on the case in 2014 at a rate of $420.00, 53.00 hours in 2015 at a rate of $425.00, 56.20 hours in 2016 at a rate of $430.00, 198.30 hours in 2017 at a rate of $435.00, and 25.22 hours in 2018 at a rate of $440.00, and Ms. Sturm billed 21.50 hours in 2013 at a rate of $415.00 and 35.70 hours in 2014 at a rate of $420.00, **the undersigned reduces petitioner's interim attorneys' fees for Mr. McHugh's work by $3,675.60 and for Ms. Sturm's work by $2,647.00**.

The undersigned finds petitioner's requested hourly rates for Mr. McHugh's paralegal reasonable.

## 2. Reduction of Billable Hours

### a. Vague Entries and Research

The undersigned has previously decreased an award of attorneys' fees for vagueness. Barry v. Sec'y of HHS, 12-39V, 2016 WL 6835542 (Fed. Cl. Spec. Mstr. Oct. 25, 2016) (reduced a fee award by 10 percent due to vague billing entries).   An application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file whether the amount requested is reasonable.   Bell v. Sec'y of HHS, 18 Cl.Ct. 751, 760 (1989); Rodriguez v. Sec'y of HHS, 2009 WL 2568468 (Fed. Cl. Spec. Mstr. June 27, 2009).

---

[2] According to Ms. Sturm's resume, she was admitted to New York Bar in 1977.   Doc 136-2, at 2. Thus, she had 36 years of experience in 2013 and 37 years of experience in 2014.

Mr. McHugh billed 1 hour in 2015 for time spent researching "articles needed" and 2 hours in 2017 for "researching re: client's concern."   Doc 136-3, at 3, 11 (entries dated: 1/21/2015 and 10/27/2017).   Without additional information about what Mr. McHugh was researching, these hours are not compensable.   If Mr. McHugh's research was for medical articles, it is unreasonable since petitioner hired medical experts.   Therefore, the undersigned finds the 3 hours of research is not compensable and the nonpayment results in a **deduction of $1,260.00**.

### b.   Excessive Billing

Special masters have previously reduced the fees paid to petitioners due to excessive and duplicative billing.   See Ericzon v. Sec'y of HHS, No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016) (reduced overall fee award by 10 percent due to excessive and duplicative billing); Raymo v. Sec'y of HHS, No. 11-654V, 2016 WL 7212323 (Fed. Cl. Spec. Mstr. Nov. 2, 2016) (reduced overall fee award by 20 percent), *mot. for rev. denied*, 129 Fed. Cl. 691 (2016).   Special masters have previously noted the inefficiency that results when cases are staffed by multiple individuals and have reduced fees accordingly.   See Sabella, 86 Fed. Cl. at 209.

Mr. McHugh billed a combined 91.45 hours for drafting and editing petitioner's 47-page post-hearing brief.   Doc 136-3, at 11-13.   The undersigned finds a total of 60 hours for Mr. McHugh's work reasonable.   This adjustment results in a **further deduction of $13,523.50**.

### c.   Duplicative Billing

The undersigned has previously found it reasonable to reduce the fees paid to petitioners due to duplicative billing and billing for intra-office communication.   Soto v. Sec'y of HHS, No. 09-897V, 2011 WL 2269423, at *6 (Fed. Cl. Spec. Mstr. June 7, 2011); Carcamo v. Sec'y of HHS, No. 97-483V, 2011 WL 2413345, at *7 (Fed. Cl. Spec. Mstr. May 20, 2011).   Special masters have previously noted the inefficiency that results when cases are staffed by multiple individuals and have reduced fees accordingly.   Sabella v. Sec'y of HHS, 86 Fed. Cl. 201, 209 (2009).

After reviewing the billing records, the undersigned finds that Mr. McHugh and Ms. Sturm included an entry that is duplicative due to both attorneys billing for a conference with petitioner on June 25, 2014.   Doc. 136-3, at 1 and Doc. 136-4, at 2.   The undersigned recognizes the time Mr. McHugh spent on the conference.   This adjustment results in a **deduction of $115.50** for Ms. Sturm's work.

Therefore, the total amount of attorneys' fees billed by Mr. McHugh is reduced by $18,459.10 and $134,334.53 is awarded.   The amount of attorneys' fees billed by Ms. Sturm is reduced by $2,762.50 and $21,154.00 is awarded.

III.        **Reasonableness of Requested Attorneys' and Petitioner's Personal Costs**

Petitioner requests $7,429.55 in attorneys' interim costs, $4,092.57 in petitioner's personal costs, and a $29,775.00 unpaid balance of expert's fees and costs incurred by Dr. Joseph A. Bellanti.   Attorneys' costs must be reasonable.   See Perreira v. Sec'y of HHS, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992) ("The conjunction 'and' conjoins both 'attorneys' fees' and 'other costs' and the word 'reasonable' necessarily modifies both.   Not only must any request for reimbursement of attorneys' fees be reasonable, so also must any request for reimbursement of costs.").   The undersigned finds the majority of petitioner's attorneys' and personal costs request reasonable. However, the rates requested for petitioner's immunological expert Dr. Bellanti are excessive.

Petitioner asks for a $29,775.00 balance for Dr. Bellanti's expert fees and costs of $34,775.00.   Doc 136-7, at 2.   Dr. Bellanti expended a total of 69.55 hours from August 11, 2013 to December 14, 2017 on the case and charged an hourly rate of $500.00.   Id.   The undersigned finds the hourly rate requested for Dr. Bellanti is excessive.

**1.  Hourly Rate**

In her Decision of October 4, 2017, the undersigned compensated Dr. Bellanti at an hourly rate of $400.00 for his work performed in 2014.   The undersigned finds the appropriate hourly rate for Dr. Bellanti's work performed in 2013 is $400.00 and in 2017 is $500.00. Because Dr. Bellanti billed a total of 33.25 hours in 2013 at an hourly rate of $500.00, **the undersigned reduces Dr. Bellanti's expert fees and costs by $3,325.00**.

**2.  Received Expert Fees**

According to Dr. Bellanti's invoice, he received $5,000.00 from petitioner's attorney. Id.   It left petitioner a $29,775.00 balance of expert's fees and costs.   However, in her Decision of October 4, 2017, the undersigned awarded Dr. Bellanti $5,320.00 rather than $5,000.00.   This adjustment results in a **further deduction of $320.00**.   Therefore, the undersigned awards a balance of $26,130.00 for Dr. Bellanti's expert fees and costs.

The undersigned does not have any problem with the other petitioner's attorneys' and personal expenses.

**CONCLUSION**

The undersigned finds an award of interim attorneys' fees and costs appropriate.   She also finds that the majority of the amount petitioner asks for in his application for interim fees and expenses is reasonable.   **Accordingly, the court awards:**

a.  **$155,488.53**, representing interim attorneys' fees.   The award shall be in the form of a check made payable jointly to petitioner and Law Office of John McHugh in the amount of **$155,488.53**;

6

**b.** **$7,429.55**, representing attorneys' interim costs.   The award shall be in the form of a check made payable jointly to petitioner and Law Office of John McHugh in the amount of **$7,429.55**;

**c.** **$26,130.00**, representing an unpaid balance of expert's fees and costs incurred by Dr. Joseph A. Bellanti.   The award shall be in the form of a check made payable jointly to petitioner and Law Office of John McHugh in the amount of **$26,130.00**; and

d. **$4,092.57**, representing petitioner's personal costs.   The award shall be in the form of a check made payable to petitioner in the amount of **$4,092.57.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]


**IT IS SO ORDERED.**


Dated: <u>September 7, 2018</u>                                        /s/ Laura D. Millman
                                                                                   Laura D. Millman
                                                                                   Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.